```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LUIS DANIEL RAMIREZ MORALES,

                 Plaintiff,                 6:17-cv-06836-MAT
         -v-                                **DECISION AND ORDER**

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

                 Defendant.
_____
```

## INTRODUCTION

Luis Daniel Ramirez Morales ("Plaintiff"), represented by counsel, brings this action under Title XVI of the Social Security Act ("the Act"), seeking review of the final decision of the Acting Commissioner of Social Security ("the Commissioner" or "Defendant"), denying his application for supplemental security income ("SSI"). The Court has jurisdiction over the matter pursuant to 42 U.S.C. §§ 405(g), 1383(c). Presently before the Court are the parties' competing motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons set forth below, Plaintiff's motion is granted to the extent that the matter is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order.

## PROCEDURAL BACKGROUND

On July 14, 2014, Plaintiff protectively filed for SSI, alleging disability beginning May 30, 2005. Administrative Transcript ("T.") 198. The claim was initially denied on October

10, 2014, and Plaintiff timely requested a hearing. T. 208-15. On May 5, 2016, a video hearing was conducted in Falls Church, Virginia by administrative law judge ("ALJ") Paul Greenberg. Plaintiff appeared via video conference with his attorney in Rochester, New York. T. 1-32. Plaintiff testified with the assistance of a translator. An impartial vocational expert ("VE") also testified via telephone.

The ALJ issued an unfavorable decision on November 4, 2016. T. 52-74. Plaintiff timely requested review of the ALJ's decision by the Appeals Council. On October 20, 2017, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. T. 44-50. Plaintiff then timely commenced this action.

## THE ALJ'S DECISION

The ALJ applied the five-step sequential evaluation promulgated by the Commissioner for adjudicating disability claims. *See* 20 C.F.R. § 416.920(a). T. 59.

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his application date of July 14, 2014. T.60.

At step two, the ALJ determined that Plaintiff suffered from the "severe" impairments of degenerative disc disease, schizophrenic disorder, affective disorder, and obesity. *Id*. The ALJ also determined that Plaintiff's medically determinable

2

impairments of diabetes mellitus and chronic obstructive pulmonary disease ("COPD") were non-severe and created no significant work-related functional limitations. T. 60-61.

At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meet or medically equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. T. 61. The ALJ stated that he was considering Listings 1.00 (Musculoskeletal Systems), 12.03 (Schizophrenia Spectrum and Other Psychotic Disorders), and 12.04 (Depressive, Bipolar, and Related Disorders) in making this determination.

Before proceeding to step four, the ALJ assessed Plaintiff as having the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. § 416.967(a), with the following additional limitations: can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; cannot perform work climbing ladders, ropes, or scaffolds; cannot work around unprotected heights or moving mechanical parts; cannot operate motorized equipment as part of a job; must be able to sit for five minutes after standing for twenty-five minutes, or stand for five minutes after sitting for twenty-five minutes, but can continue working in either position; can perform work involving simple, routine tasks; can tolerate simple, work-related changes in the job environment; can have frequent interaction with supervisors and occasional interaction with co-workers but no interaction with the

3

public; cannot perform jobs requiring frequent communication in English. T. 62.

At step four, the ALJ determined that Plaintiff was unable to perform any past relevant work. T. 67. At step five, the ALJ relied on the VE's testimony to find that, taking into account Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, including the representative occupations of sorter, assembler, and inspector. T. 69. The ALJ accordingly found that Plaintiff is not disabled as defined in the Act. *Id.*

## SCOPE OF REVIEW

A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by "substantial evidence" or if the decision is based on legal error. 42 U.S.C. § 405(g); *see also Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). The district court must accept the Commissioner's findings of fact, provided that such findings are supported by "substantial evidence" in the record. *See* 42 U.S.C. § 405(g) (the Commissioner's findings "as to any fact, if supported by substantial evidence, shall be conclusive"). "Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000) (quotation omitted). The reviewing court nevertheless must

4

scrutinize the whole record and examine evidence that supports or detracts from both sides. *Tejada v. Apfel*, 167 F.3d 770, 774 (2d Cir. 1998) (citation omitted). "The deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003) (citing *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)).

**DISCUSSION**

Plaintiff contends that remand of this matter is warranted because: (1) the ALJ failed to properly evaluate Listing 1.04(A) at step three; (2) the ALJ's physical RFC determination is not supported by substantial evidence; and (3) the ALJ's mental RFC determination is not supported by substantial evidence. For the reasons discussed below, the Court finds the ALJ failed to provide adequate analysis for his finding that Plaintiff's degenerative disc disease did not meet or equal Listing 1.04(A). Accordingly, the Court finds that remand of this matter for further administrative proceedings is required.

**I. Failure to Properly Consider Medical Listing 1.04(A)**

"The Social Security regulations list certain impairments, any of which is sufficient, at step three, to create an irrebuttable presumption of disability." *DeChirico v. Callahan*, 134 F.3d 1177, 1180 (2d Cir. 1998) (citing 20 C.F.R. §§ 404.1520(d), 416.920(d)). "The regulations also provide for a finding of such a disability

5

*per se* if an individual has an impairment that is 'equal to' a listed impairment." *Id.* (citing 20 C.F.R. § 404.1520(d) ("If you have an impairment(s) which ... is listed in appendix 1 or is equal to a listed impairment(s), we will find you disabled without considering your age, education, and work experience.")) (internal quotation marks omitted); *see also* 20 C.F.R. § 416.920(d).

Under Listing 1.04(A) specifically, an individual is presumptively disabled if he or she suffers from "herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, or vertebral fracture[], resulting in compromise of a nerve root . . . or spinal cord" with "[e]vidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine)." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.04(A).

The claimant bears the burden at step three to prove he or she meets the requirements necessary to meet or equal the Listings. Nonetheless, the ALJ is required to explain why a claimant failed to meet or equal the Listings "[w]here the claimant's symptoms as described by the medical evidence appear to match those described in the Listings." *Rockwood v. Astrue*, 614 F. Supp.2d 252, 273

6

(N.D.N.Y. 2009) (citation omitted). Notably, it is the ALJ's responsibility to "build an accurate and logical bridge from the evidence to [his or her] conclusion to enable a meaningful review." *Hamedallah ex rel. E.B. v. Astrue*, 876 F. Supp.2d 133, 142 (N.D.N.Y. 2012). "While the ALJ may ultimately find that [a considered listing] do[es] not apply to Plaintiff, he must still provide some analysis of Plaintiff's symptoms and medical evidence in the context of the Listing criteria." *Critoph v.* Berryhill, No. 1:16-CV-00417(MAT), 2017 WL 4324688, at *3 (W.D.N.Y. Sept. 28, 2017) (quoting *Peach v. Colvin*, No. 15-CV-104S, 2016 WL 2956230, at *4 (W.D.N.Y. May 23, 2016)). Failure to do so may warrant remand. *See, e.g., Torres v. Colvin*, No. 14-CV-479S, 2015 WL 4604000, at *4 (W.D.N.Y. July 30, 2015) (remanding where "the record evidence suggests that Plaintiff's symptoms could meet the Listing requirements in 1.04(A)" but the ALJ's "only reference to it is a recitation of the standard"); *Cherico v. Colvin*, No. 12 Civ. 5734(MHD), 2014 WL 3939036, at *28 (S.D.N.Y. Aug. 7, 2014) (holding that an ALJ merely stating that he or she had considered the requirements of a listing was "patently inadequate to substitute for specific findings in view of the fact that plaintiff has at least a colorable case for application of listing 1.04(A)" and that where there is record support for each of the necessary symptoms, the ALJ was required to address that evidence, and his failure to specifically do so was error that would justify a remand).

While the ALJ found Plaintiff's diagnosed degenerative disc disease was a severe impairment at step two, (T. 60), at step three he stated that the medical evidence fell short of the criteria in Listing § 1.00 and that no medical source had mentioned findings equivalent in severity to the criteria of any listed impairment. T. 61. Plaintiff argues that it is impossible to know whether the ALJ even considered Listing 1.04(A), given the ALJ referenced only the general Listing of 1.00, which encompasses all musculoskeletal systems. As Plaintiff observes, the ALJ did not elaborate on which subsections of § 1.00 he considered or provide an explanation as to why the medical evidence was insufficient.

Listing 1.04(A) requires proof of the following conditions:

1. A disorder of the spine, including but not limited to "herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture," and
2. "Compromise of nerve root (including the cauda equina) or the spinal cord," and
3. "Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness)," and
4. "Sensory or reflex loss," and if there is involvement of the lower back,
5. "Positive straight-leg raising test" in both the sitting and supine position.

The Social Security Administration ("SSA") has provided further guidance regarding the assessment of Listing 1.04(A) in the form of an Acquiescence Ruling ("AR") issued in 2015. *See* AR 15-1(4), *Radford v. Colvin: Standard for Meeting the Listing for*

*Disorders of the Spine with Evidence of Nerve Root Compression*, 80 F.R. 57418-02 (2015), 2015 WL 5564523(F.R.). While these rulings do not carry the full force of law, the Supreme Court has held that an agency's interpretation of its own regulations is entitled to substantial deference. *See Auer v. Robbins*, 519 U.S. 452, 462-63 (1997). In its AR, the SSA specified that all of the requirements of Listing 1.04(A) must be simultaneously present on examination and continue, or be expected to continue, for at least 12 months, in order for a disorder of the spine to meet the Listing at step three. F.R. 57418-02, at *57420. In other words, "when the listing criteria are scattered over time, wax and wane, or are present on one examination but absent on another, the individual's nerve root compression would not rise to the level of severity required by listing 1.04A." *Id*.

While the Court notes that the AR was issued in response to the Fourth Circuit's holding in *Radford v. Colvin*, 734 F.3d 288 (4th Cir. 2013), that plaintiff could meet Listing 1.04(A) even though his relevant symptoms were not always simultaneously present, the Second Circuit has not made a similar holding. Accordingly, this Court will accord the policy position set forth in AR 15-1(4) substantial deference. *See Smith v. Colvin*, No. 2:15-CV-00107-AA, 2016 WL 8711697, at *3-4 (D. Or. Feb. 5, 2016) (according substantial deference to AR 15-1(4)); *Atkins v. Colvin*, No. 15-1168-JWL, 2016 WL 2989393, at *10-12 (D. Kan. May 24, 2016)

(applying the policy position set forth in AR 15-1(4) rather than the Fourth's Circuit's holding in *Radford*).

Where, as here, a claimant alleges that he meets Listing 1.04(A) based on a lower back injury, disorder, or condition, he must meet all five criteria included in that listing. Notably, in such cases, Listing 1.04(A) is not satisfied unless there is also evidence of positive straight-leg raising tests in *both* the sitting and supine position. Pursuant to AR 15-1(4), the claimant must also demonstrate that all five criteria were met simultaneously and for the necessary duration.

Plaintiff's medical records appear to contain references to all of the components necessary to meet the Listing, including nerve compression with neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss accompanied by sensory or reflex loss, and positive straight-leg raising tests- although the record does not indicate the position in which the straight-leg raising tests were performed. *See, e.g.,* T. 415-16 (Plaintiff exhibited decreased sensation to light touch and pin prick on left upper and lower limb); T. 1034 (straight-leg raising test was positive on both sides); T. 1189 (Plaintiff had mild weakness on left knee and hip joint movements); and T. 1213-14 (Plaintiff exhibited bilateral EHL (extensor hallucis longus) weakness and reduced sensation to light touch at S1-L5; imaging revealed severe lumbar stenosis and compression of the nerve roots

at S1 and L5 nerves were compressed in the foramen; overall imaging findings correlated Plaintiff's clinical symptomology suggestive of significant mechanical axial low back pain, S1 radiculopathy, and L5 distribution weakness).

Here, the record evidence suggests that Plaintiff's symptoms could meet the requirements in Listing 1.04(A). Because the ALJ did not refer to the Listing specifically, the Court cannot determine whether the ALJ properly considered it.

The Commissioner argues that there was no error, much less error warranting remand, because Plaintiff had the burden of proving his back impairment met or equaled the requirements of Listing 1.04(A), but failed to establish that he satisfied all of the required medical criteria. Specifically, the Commissioner argues that the medical record does not indicate that Plaintiff had positive straight-leg raising tests in both the sitting and supine positions on a consistent basis, as required by Listing 1.04(A). Therefore, the Commissioner suggests, any error by the ALJ at step three was harmless.

Plaintiff's straight-leg raising tests were positive, although the record is silent as to whether the tests were performed in the sitting position, supine position, or both. The record's silence on this issue creates an ambiguity.

As part of their regulatory obligation to develop the administrative record fully, ALJs generally must seek clarification

11

where there is a significant ambiguity or inconsistency in the record. *See e.g., Rolon v. Comm'r of Soc. Sec.,* 994 F. Supp.2d 496, 504 (S.D.N.Y. 2014) ("A perceived internal inconsistency about a critical finding is a 'conflict or ambiguity' which requires the ALJ to further develop the record by 'seek[ing] additional evidence or clarification' from the treating physician.") (quoting 20 C.F.R. §§ 404.1512(e)(1), 416.912(e)(1)[1] (eff. until Mar. 26, 2017)). "Since an ALJ's duty to seek clarification applies only to a conflict or ambiguity that must be resolved to make the disability determination, minor or irrelevant inconsistencies do not require an ALJ to act upon the duty to further develop the record." *Id*. at 505. In this case, because Plaintiff has made at least a colorable case that he meets the requirements of Listing 1.04(A), the ambiguity is critical to a finding of disability. Because clarification of the record is needed on this point, the Court will remand this matter for further administrative proceedings. *See Torres*, 2015 WL 4604000, at *4; *Rowe v. Berryhill*, No. 1:17-cv-00208-MAT, 2018 WL 4233702, at *3 (W.D.N.Y. Sept. 6, 2018) (remanding where ALJ failed at step three to discuss Plaintiff's medical records as they pertained to Listing 1.04(A), preventing the Court from performing a meaningful review). On remand, the ALJ

---

[1] These subsections were omitted from the new versions of the regulations effective March 27, 2017; the new versions of Sections 404.1512 and 416.912 do not contain this language. The former versions of these regulations apply to Plaintiff's claim.

shall perform a proper evaluation of the medical evidence as it pertains to Listing 1.04(A), including re-contacting Plaintiff's treating physician, Dr. Karthik Vadamalai and any other providers who conducted straight-leg raising tests, to determine the position or positions in which they were performed. If necessary, the ALJ should also order an updated consultative examination to determine if all five components of Listing 1.04(A) were met, those symptoms exist simultaneously and have, or are expected to meet the durational requirement of 12 months.

## II. Plaintiff's Remaining Arguments

The error at step three, discussed above, is a sufficient basis for reversal of the Commissioner's decision and remand for further proceedings. Because the ALJ will need to perform a new sequential evaluation on remand, the Court need not address Plaintiff's remaining arguments, which concern later steps in the evaluation.

**CONCLUSION**

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings (Doc. 11) is granted to the extent that this matter is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order. The Commissioner's opposing motion for judgement on the pleadings (Doc. 16) is denied. The Clerk of Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

**S/ Michael A. Telesca**

_____
HONORABLE MICHAEL A. TELESCA
United States District Judge

Dated:   March 7, 2019
         Rochester, New York