UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LUIS DANIEL RAMIREZ MORALES,

                Plaintiff,

      -vs-                   **No. 17-CV-6836-MAT**
                                        **DECISION AND ORDER**
ANDREW M. SAUL,[1] Commissioner of
Social Security,

                Defendant.

---

## INTRODUCTION

Represented by counsel, Luis Daniel Ramirez Morales ("Plaintiff") commenced this action pursuant to Title XVI of the Social Security Act ("the Act") seeking review of the final decision of the Commissioner of Social Security ("the Commissioner" or "Defendant"), who denied his application for supplemental security income ("SSI"). This Court issued a decision reversing the Commissioner and remanding the case to the Commissioner for further administrative proceedings. Now before the Court is Plaintiff's Motion for attorney's fees pursuant to the Equal Access to Justice Act. Counsel is requesting a fee of $8,058.68 which represents payment for 39.28 hours of attorney time at an hourly rate of $205.16. The Commissioner has not filed a response to Plaintiff's motion. For the reasons set forth below, the Court grants Plaintiff's application.

---

[1] The president nominated Andrew M. Saul to be Commissioner of Social Security and the Senate confirmed his appointment on June 4, 2019, vote number 133. He is substituted pursuant to Fed. R. Civ. P. 25(d). The Clerk is directed to amend the caption to comply with this substitution.

**DISCUSSION**

The Equal Access to Justice Act ("EAJA")states in relevant part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, ... incurred by that party in any civil action ... brought by or against the United States ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). As the Court pointed out in its Decision and Order, Administrative Law Judge ("ALJ") Paul Greenberg "failed to properly consider medical listing 1.04(a)." (Docket No. 18 at 5). "[T]he ALJ is required to explain why a claimant failed to meet or equal the Listings '[w]here the claimant's symptoms as described by the medical evidence appear to match those described in the Listings.'" (Docket No. 18 at 6) (quoting Rockwood v. Astrue, 614 F. Supp.2d 252, 273 (N.D.N.Y. 2009) (citation omitted). The ALJ needs to "'provide some analysis of Plaintiff's symptoms and medical evidence in the context of the Listing criteria.'" (Docket No. 18 at 7) (quoting Critoph v. Berryhill, No. 1;16-CV-00417(MAT), 2017 WL 4324688, at *3 (W.D.N.Y. Sept. 28, 2017) (citations omitted). Therefore the "failure to do so may warrant remand." (Docket No. 18 at 7).

The Court must next determine if the hours expended and the rates charged by Plaintiff's attorney are reasonable, which remains the burden of the fee applicant. See Hensley v. Eckerhart, 461 U.S.

2

424, 433 (1983). In this Circuit, "[t]he lodestar approach governs the initial estimate of reasonable fees." Grant v. Martinez, 973 F.2d 96, 99 (2d Cir. 1992). Under this approach, "the number of hours reasonably expended on the litigation [are] multiplied by a reasonable hourly rate." See Hensley, 461 U.S. at 433; Grant, 973 F.2d at 99.

The Court has broad discretion to determine the amount of time reasonably expended, but is not required to "scrutinize each action taken or the time spent on it" when determining what is reasonable. Aston v. Sec'y. of Health and Human Serv., 808 F.2d 9, 11 (2d Cir. 1986). District courts in this Circuit have held that a routine social security case generally requires between twenty and forty hours of attorney time. See e.g., Cruz v. Apfel, 48 F. Supp. 2d 226, 230 (E.D.N.Y. 1999); Grey v. Chater, 1997 WL 12806 at *1 (S.D.N.Y. 1997); Greenidge v. Barnhart, 2005 WL 357318 at note 16 (N.D.N.Y. 2005). This may include the time spent on EAJA fee applications. See Trichilo v. Sec'y of Health and Human Servs., 823 F.2d 702, 708 (2d Cir. 1987).

Plaintiff's attorney, Brandi Smith, Esq., submitted a declaration in support of this motion which indicates that she spent 39.28 hours working on Plaintiff's case. (Docket No. 20 Attachment No. 2). Plaintiff's attorney seeks compensation at the rate of $205.16 per hour, which she asserts is the appropriate hourly rate under EAJA after adjustment for inflation using the

3

current Consumer Price Index. See <u>Ventura v. Barnhart</u>, 2007 WL 1051846, *3 (D. Conn. Mar. 2, 2007)("Courts in the Second Circuit have repeatedly approved fee applications under EAJA based upon an hourly rates adjusted to reflect increases in the Consumer Price Index.")(citing cases).

Applying the relevant legal principles, the Court finds that the amount of attorney's fees requested is reasonable. Considering the work required in litigating this case, which included outlining arguments to be used in appeal, reviewing and outlining the 1,386 page administrative record, conducting legal research, and drafting and filing the memorandum in support of attorney's fees, the hours claimed by Plaintiff's attorney are not unreasonable. Accordingly, Plaintiff is awarded $8,058.68 in attorney's fees under EAJA.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for attorney's fees (Docket No. 20) is granted. The Commissioner is directed to remit to Plaintiff's counsel $8,058.68.

ALL OF THE ABOVE IS SO ORDERED.

S/Michael A. Telesca

_____
HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED: July 24, 2019
Rochester, New York